JOHN GOODWIN *versus* JACOB J. MERRILL & *al.*

The provision of R. S. of 1857, c. 18, § 21, that "any person aggrieved" by the selectmen's estimate of damages, on laying out a private way, may apply for a jury on the question of damages, refers only to persons over whose land the way passes, and was not intended to include the petitioner, for whose benefit the way is laid out, though he may be adjudged to pay the damages.

ON MOTION that the Court confirm the verdict of a jury.

In March, 1858, on petition of the present plaintiff, the selectmen of Falmouth laid out a private way for him over land of the defendants, and estimated the damages thereon, which they ordered to be paid by said Goodwin. Goodwin, being aggrieved by the estimate of damages, applied to the County Commissioners for a jury to make a new estimate. The application was granted, a jury was empannelled, and, after hearing the parties, made and sealed up the verdict, and returned it to the Court.

The petitioner moved that the verdict be confirmed, and for his costs.

The respondents objected, that the statute providing for a jury to estimate damages does not extend to petitioners for a private way, and that the respondents are not the proper parties against whom this process should be brought.

The Court, DAVIS, J., presiding, set aside the verdict, and the petitioner excepted.

*W. H. Vinton,* for the petitioner.

*Anderson & Webb,* for the respondents.

The opinion of the Court was drawn up by

KENT, J. — The question in this case is, whether an individual applicant for a private way, which has been laid out by the selectmen and accepted by the town, the damages allowed, to be paid by the individual, can apply to the County Commissioners, and have the damages re-assessed by a jury. The answer to this question depends upon the construction

of § 21 of c. 18, R. S., 1857, which provides for an appeal by " any person aggrieved."

It clearly appears, upon examination of the statute respecting "ways," (c. 18,) that, in relation to county roads, the only party that can appeal, in the matter of damages, is the person whose land is taken. The county, in the case of a county road, is concluded by the estimate of the Commissioners. In such case, the individual only, whose land is taken, may appeal to a jury for an increase of damages. This is apparent from §§ 5 and 6 of this chapter. It is true that, in § 5, it is provided, in general terms, that "*all persons aggrieved* by their estimate of damages, shall present their petitions for redress," but the next section, (§ 6,) clearly limits this right to petitions for *increase* of damages. See also the former statute, R. S. of 1841, c. 25, §§ 5, 6.

The mode of laying out town and private ways is fixed by § 18 to § 26. The provisions as to both are contained in the same sections. The first question which arises is, can the *town* appeal to a jury from the estimate of damages made by the selectmen? This would hardly be contended for, as the selectmen represent the town, and the town way cannot be established, including the award of damages, until it has been accepted by a vote of the town. § 19. It would be a most unjust, as well as absurd construction, to hold that after a town had made its own estimate of damages, and accepted the road with such estimate, it could afterwards compel the individual land owner, whose land had been thus taken without any request or assent on his part, to appear before a jury where the damages would be re-assessed.

The petitioner, however, insists that, where a private way for his convenience is laid out, and he is adjudged to pay the damages, the same reasons do not apply that are applicable to the above cases of county and town ways. This, in one sense, is true. But the respondent, whose land is taken, may as well complain in this case, as in the others, that it is a hardship upon him to be compelled to contest his rights in other tribunals, when he is willing to accept the damages

awarded by the selectmen of the town. He has no option and no voice in determining whether his land shall be taken. His constitutional rights to the enjoyment of his own property can only be protected fully by giving him a right to a verdict of a jury.

By § 21, it is provided, that the damages for a town way are to be paid by the town; for a private way, by those for whose benefit it is laid out, or partly by the town, if it votes to do so. Then follow the words which raise the question in this case—"any person aggrieved by the estimate of damages, on petition to the Commissioners, may have them assessed in the manner provided respecting highways." By the 12th definition in chapter 1, of the statutes, it is provided that "the word person may include a body corporate."

We have seen that a town could not appeal, and yet the words "any person," under the above definition, might include that corporation. In the case of mixed damages, where part is paid by the town, and part by the individual petitioner, could the individual appeal, and the town be refused that right?

Sections 23 and 24 evidently contemplate only an appeal by the land owner, as the provision for costs only gives costs in case of an *increase* of damages. There is no provision in this statute for costs for any other party in case of a *diminution*. Section 24 speaks only of petitions for *increase* of damages.

If we refer to the statute of 1841, c. 25, § 31, which contains the provision on the same subject, it is apparent that the old law contemplated an appeal by the owner of the land only. The provision, that the party who has the right to appeal, may have *his rights* determined by a jury, or by a committee, if *he* can agree with the agent of the town, *or party liable to pay*, shows that the appealing party must be the person who claims damages.

We do not think that the Legislature intended to change the well established doctrine and the uniform practice on this subject, by the language used in the recent revision.

It is urged in argument that, by this rule, an individual may either be obliged to suffer great inconveniences for want of a private way, or be compelled to pay an unreasonable sum as damages. But payment of damages may be suspended, until the land for which they are assessed is taken, (§ 7,) and the petitioner may withdraw his petition before action by the town on the laying out. One adjudication by the selectmen is not final, and further proceedings may be instituted before another board.

If the Legislature had intended that a petitioner might appeal, it would have made some provision for costs in his favor, in case of a reduction of damages. No such provision is found. *Exceptions overruled.*

TENNEY, C. J., APPLETON, CUTTING, GOODENOW and DAVIS, JJ., concurred.